## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Kevin J. Urbine<br>                           Debtor<br>Valerie A. Urbine<br>                           Co-Debtor | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION<br>                           Movant<br>vs.<br>Kevin J. Urbine<br>                           Debtor<br>Valerie A. Urbine<br>                           Co-Debtor<br>Scott Waterman<br>                           Trustee | NO. 19-17901 PMM<br><br>11 U.S.C. Section 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of June 7, 2023, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,191.84**. Post-petition funds received after June 7, 2023, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2023 through June 2023 in the amount of $759.69/month |
| Suspense Balance: | ($84.92) |
| Fees & Costs Relating to Motion: | $1,238.00 |
| **Total Post-Petition Arrears** | **$4,191.84** |

2. Debtor shall cure said arrearages in the following manner:

    a). Debtor wishes to cure the arrearage with three (3) installed payments outside of the plan in the amount of **$1,397.28 each.**

    b). The 3 (three) installed payments shall be made on or before the three (3) following dates below: **June 30, 2023, July 12, 2023, and July 26, 2023.**

    c). Once all payments have been made and accounted for Movant, the said arrears shall be cured.

3. Beginning with the payment due July 2023 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $759.69 (or as adjusted pursuant to

the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 19, 2023

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant

Date: 6/29/2023

/s/ George M. Lutz, Esquire
George M. Lutz Esquire
Attorney for Debtor(s)

Date: 6/30/23

Scott Waterman
Chapter 13 Trustee